IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT V. PETRO, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>   v.<br><br>LUNDQUIST CONSULTING, INC.,<br><br>           Defendant. | 2:21-cv-1187-NR |

**MEMORANDUM OPINION**

**J. Nicholas Ranjan, United States District Judge**

In this putative class action, Plaintiff Robert Petro alleges that Defendant Lundquist Consulting, Inc. illegally attempted to collect a debt from him when it lacked the authority to do so. He sues Lundquist under the Fair Debt Collection and Practices Act (FDCPA), based on Lundquist's purported violation of Pennsylvania's Consumer Discount Company Act (CDCA). Under this latter statute, a licensed entity may not sell a debt to an unlicensed entity, unless the state's Department of Banking has approved. 7 Pa. Stat. § 6214. Mr. Lutz argues that Lundquist never obtained approval to purchase the license from the lender.

Pending before the Court is Lundquist's motion for judgment on the pleadings. Lundquist originally argued that the federal bankruptcy code preempts Pennsylvania's CDCA here; that *res judicata* bars Mr. Petro's claims; that the *Noerr-Pennington* doctrine confers immunity because Lundquist was petitioning to collect money it was owed; and that Mr. Petro did not allege sufficiently separate conduct to establish unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f. ECF 21. After the Court invited supplemental briefing

1

on the issue, Lundquist additionally argued that the CDCA is inapplicable in this case because Lundquist is a debt collector and the money at issue was a "charged-off" debt. ECF 31; ECF 37. Mr. Petro disagrees on all counts. ECF 24; ECF 30; ECF 35; ECF 36.

After carefully reviewing the parties' pleadings and the applicable caselaw, including precedential opinions recently handed down by the Third Circuit, the Court finds that Mr. Petro cannot be given relief because the CDCA does not apply in his case.

## BACKGROUND

Accepting the factual allegations of Mr. Petro's complaint, as required, the relevant facts are as follows. Mr. Petro received a personal loan from Lendmark Financial Services, LLC. ECF 1, ¶¶ 9-10. Mr. Petro owed about $3,000, including interest at an APR of approximately 25.02%. *Id.* at ¶¶ 13-14. Lendmark sold his loan to Plaza Services, LLC, and Plaza Services in turn sold it to Tea Olive, LLC. *Id.* at ¶ 11. But neither purchaser obtained approval from Pennsylvania's Department of Banking, and neither holds a CDCA license. *Id.* at ¶¶ 12, 23. Tea Olive hired Lundquist to collect the debt, and Lundquist attempted to collect the full balance – including unpaid interest – by filing a proof of claim in a bankruptcy proceeding related to Mr. Petro. *Id.* at ¶¶ 16-18, 28. Mr. Petro is contesting Lundquist's right to collect both in this Court and in ongoing bankruptcy proceedings. *See In re Petro*, No. 20-21985 (Bankr. W.D. Pa.). He claims that Lundquist's actions "constitute false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e, and/or unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f. ECF 1, ¶ 47.

## DISCUSSION & ANALYSIS

Under Federal Rule of Civil Procedure 12(c), a motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss.

*Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019). That means the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* (cleaned up). The movant will prevail, however, if it "clearly establishes that no material issue of fact remains resolved and that [it] is entitled to judgment as a matter of law." *Id.*

The threshold question this motion presents is a purely legal one. If the CDCA does not apply, Mr. Petro's FDCPA claims collapse, because they are predicated on an underlying CDCA violation. *Lutz v. Portfolio Recovery Assocs., LLC*, No. 21-1656, 2022 WL 4295631, at *8 (3d Cir. Sept. 19, 2022). That is precisely the result here.

### I. The broad language in *Lutz* precludes Mr. Petro's claims.

The Third Circuit recently decided a factually similar case. In *Lutz v. Portfolio Recovery Associates*, a debt collector purchased charged-off credit card debt from a major bank and attempted to collect the full amount. *Id.* at *2. The plaintiff there sued under FDCPA Sections 1692e, which "imposes civil liability for the use of false, deceptive, or misleading representations" as to "the character, amount, or legal status of any debt," and 1692f, which "outlaws unfair or unconscionable means of collecting debts." *Id.* at *3. He argued that the defendant debt collector violated the CDCA by "attempting to collect interest that had previously accrued at greater than 6% annually." *Id.* at *4 (emphasis omitted). *Lutz* thus turned on CDCA Section 6203, which "imposed restrictions on unlicensed entities 'in the business of negotiating or making loans or advances of money on credit in the amount or value of twenty-five-thousand dollars ($25,000) or less.'" *Id.* at *4 (citing 7 Pa. Stat. § 6203.A). Ultimately, the Third Circuit's extensive statutory interpretation analysis concluded that to "negotiate," as used in the CDCA, means to "bargain." *Lutz*, 2022 WL 4295631, at *7. Because the plaintiff alleged only that the defendant "*purchases* debt," the Court could not infer that the defendant debt collector fit that bill. *Id.* at *8.

Mr. Petro's theory relies on a different section of the CDCA, however. He stakes his claim on Section 6214, which states that "[a] licensee may not sell contracts to a person or corporation not holding a license under this act without the prior written approval of the Secretary of Banking." 7 Pa. Stat. § 6214.I. Mr. Petro contends that because neither Tea Olive nor Lundquist had the necessary license or state approval, neither could legally attempt to collect his debt in the first place. ECF 1, ¶ 30. For that reason, Mr. Petro now argues that the outcome of *Lutz* does not control in this case. ECF 36.

Mr. Petro is, of course, correct that Section 6203 and Section 6214 of the CDCA are different sections of the statute. But there are two fundamental problems with his argument.

First, the Third Circuit's decision in *Lutz* sweeps more broadly than one section of the statute. The Third Circuit indicated that it is not just Section 6203 that does not apply to debt collectors, but rather the **entire CDCA** does not apply. *E.g.*, *Lutz*, 2022 WL 4295631, at *5 ("No one contends that [defendant] is in the business of making loans or advances. With that focus, the keystone of Lutz's case becomes his assertion that [defendant] is in the business of negotiating loans or advances **and thus subject to the CDCA**. If [defendant] is not in that business, **then the CDCA does not apply here**, and [defendant] would prevail[.]" (emphasis added)). Accordingly, if the pleadings "do[] not specifically allege that [a defendant] is in the business of negotiating – or bargaining for – loans or advances," but instead only "indicate that [defendant] **purchases** debt," "it is not reasonable to infer that an entity that purchases charged-off debt would also be in the business of negotiating or bargaining for the initial terms of loans or advances. … Without such a favorable inference, *[plaintiff] cannot establish that [defendant] is subject to the CDCA* …. And because his FDCPA claims depend on an underlying violation of the CDCA, they collapse." *Id.* at *8 (emphasis added).

Here, Mr. Petro does not allege that Tea Olive or Lundquist are in the business of "bargaining for" loans and advances. Instead, he alleges that Tea Olive is a "debt buyer" and Lundquist is a "debt collector" who "helps creditors and debt buyers collect debt from consumers." ECF 1, ¶¶ 7, 11, 46. In light of the broad language in the precedential *Lutz* opinion, this Court is bound to conclude that the CDCA does not apply to Tea Olive or Lundquist, meaning that Mr. Petro's FDCPA claims against them cannot lie.[1]

Second, even if *Lutz* didn't sweep so broadly, the complaint in this case makes clear that the predicate FDCPA claim does turn, in large part, on Section 6203. That is, the complaint pleads that Lundquist's violation of the CDCA is of both Sections 6203 and 6214, and pleads them both in tandem – *i.e.*, the violation is that Lundquist has attempted to collect on a debt that includes interest previously charged in excess of 6% (contrary to Section 6203), and attempted to do so without a proper license or approval from the Department of Banking (contrary to Section 6214). ECF 1, ¶28 ("[Lundquist] attempted to collect the full balance of the loan on behalf of Tea Olive, even though this balance included unpaid interest and fees that were charged well in excess of 6% simple interest per year, and even though Tea Olive did not obtain approval from the Department of Banking to buy the loan."). And the class that is pled in the complaint is a class consisting of "[a]ll persons who, within the applicable statute of limitations, were: i) issued a direct loan; ii) charged interest and fees that combined to exceed 6% simple interest per year; and iii) contacted by LCI on behalf of a debt buyer or creditor that did not hold a CDCA license." *Id.* at ¶ 36. In other

---

[1] This interpretation tracks the one advanced by the Pennsylvania Department of Banking in its amicus curiae letter brief in *Lutz*. There, the Department wrote that "[t]he CDCA does not apply to an entity that purchases and attempts to collect charged-off credit card debts that are originated by a national bank." ECF 27-1, p. 2. Instead, "[i]n essence, they are debt collectors that are not regulated by the Department." *Id.* at p. 6. Notably, the Department specifically addressed Section 6214.I, stating that "[c]ompliance…is limited to CDCA licensees[.]"). *Id.* at p. 5.

5

words, Mr. Petro's claim in this case isn't singularly a Section 6214 claim; it depends also on Lundquist being subject to Section 6203 of the CDCA, which it indisputably now is not.

In short, the Third Circuit's decision in *Lutz* makes clear that the CDCA does not apply to an entity like Lundquist – an entity that is a debt collector collecting on an "unlicensed" debt.[2]

## II. Dicta from *Zirpoli* further bolsters the Court's conclusion because of the CDCA's statutory purpose.

The Third Circuit also recently decided *Zirpoli v. Midland Funding, LLC*, which also bears some similarity to Mr. Petro's case. No. 21-2438, 2022 WL 3971783 (3d Cir. Sept. 1, 2022). In *Zirpoli*, plaintiff took out a loan from a CDCA-licensed financial group. *Id.* at *1. When the loan became delinquent, the lender sold it to a company without a CDCA license, whose "sole business [was] purchasing defaulted consumer debt." *Id.* at *2. The Third Circuit resolved this case on the question of arbitrability and did not reach the merits regarding the validity of assigning the loan contract. *Id.* at *4-7.

However, in dicta, the Court noted that "this assignment *falls outside of the CDCA's purview* as it is a charged-off loan – *i.e.*, no longer performing as a loan. [Defendant's] purchase of a charged-off loan does not constitute extending loans or negotiating credit as the CDCA would prohibit." *Id.* at *5 (emphasis added).[3] Though

---

[2] Mr. Petro relies on *Mellish v. CACH, LLC*, in which Judge Horan focused not on the entities themselves, but whether a "loan was made under the auspices of the CDCA." No. 19-1217, 2020 WL 1472405, at *4 (W.D. Pa. Mar. 26, 2020). But that case was decided more than two years before *Lutz* and *Zirpoli* and thus lacked the benefit of Third Circuit guidance. Moreover, it did not address the interplay between Sections 6203 and 6214.

[3] Again, the Department of Banking agrees. In its amicus letter, it opined that "an entity that purchases charged-off debts as part of a debt collection business…negotiates charged-off debts that are no longer loans or advances of money

6

this dicta does not bind this Court, it is persuasive in light of not only *Lutz*'s textual interpretation, but also the CDCA's statutory purpose.

That is, as the Court in *Lutz* explained, Pennsylvania has a long history of concern with usurious interest rates. *Lutz*, 2022 WL 4295631, at *4. The CDCA was enacted in response to the Department of Banking's recommendation to extend credit to more consumers; it allowed licensed entities to charge a higher interest rate for certain loans, but placed restrictions on certain unlicensed entities. *Id.*; *see also Zirpoli*, 2022 WL 3971783, at *1 (describing the CDCA as "a consumer protection statute, which creates an exception to, and is a corollary of, Pennsylvania's usury law"); Department of Banking amicus letter, ECF 27-1, p. 5 ("It is clear from the unambiguous language of the CDCA that the statutory framework…is rooted in protecting Commonwealth citizens from illegal, usurious financial practices.").

In this case, Mr. Petro alleges that Lundquist attempted to collect unpaid interest that Lendmark, a CDCA licensee, had already charged. *See* ECF 1, ¶¶ 13-14. He does not allege that unlicensed purchasers were attempting to charge additional interest after the debt was charged-off – let alone that they were charging interest at usurious rates. Therefore, because the loan here was charged off, the CDCA's broader anti-usury regulatory framework is not implicated, and does not apply here.[4]

---

or credit. Therefore…that entity's conduct does not make it subject to the CDCA." ECF 27-1, p. 2.

[4] Because the Court finds that the CDCA does not apply here, Mr. Petro's claims all fail as a matter of law. The Court therefore need not and does not reach Lundquist's other arguments for dismissal.

## **CONCLUSION**

For these reasons, Lundquist's motion for judgment on the pleadings is hereby **GRANTED**. An appropriate judgment follows.

DATE: September 30, 2022                    BY THE COURT:

                                            /s/ *J. Nicholas Ranjan*
                                            United States District Judge